Peter M. de Jonge, Utah Bar No. 7185
Joshua T. Gray, Utah Bar No. 20218
THORPE NORTH & WESTERN, LLP
The Walker Center
175 S. Main Street, Suite 900
Salt Lake City, Utah 84111
dejonge@tnw.com
joshua.gray@tnw.com

*Attorneys for Plaintiff, Kitchen Kneads, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| KITCHEN KNEADS, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>GRANDMA ELOISE'S LLC, a Georgia Limited Liability Company, CANDACE BARCLAY, an individual,<br><br>Defendants. | Case No. 2:26-00879<br><br>**COMPLAINT WITH JURY DEMAND** |

Plaintiff Kitchen Kneads, LLC ("Kitchen Kneads"), by and through its counsel, hereby files this Complaint with Jury Demand against Defendants Grandma Eloise's LLC ("GE LLC") and Candace Barclay (together "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for infringement of Kitchen Kneads' federal and common law trademark rights in the mark GRANDMA ELOISE'S TIME TREASURED SECRETS under the Lanham Act, Utah trademark law, and the Utah Unfair Competition Act.

2. Kitchen Kneads seeks injunctive and monetary relief.

## PARTIES

3. Plaintiff Kitchen Kneads is a Utah limited liability company with its principal place of business at 3030 Grant Ave, Ogden, UT 84401. Kitchen Kneads sells its products nationally across the United States, including within this judicial district.

4. Defendant GE LLC is a Georgia limited liability company with a principal place of business at 1420 Creekside Cir NW, Atlanta, GA 30318. Upon information and belief, GE LLC conducts business nationwide, including in this District. GE LLC was formed on May 31, 2024. On September 19, 2025, GE LLC was administratively dissolved. GE LLC was thereafter reinstated on October 24, 2025.

5. Defendant Candace Barclay is a resident of the State of Georgia. On information and belief, her address is 3005 Peachtree Road NE, Unit 1415, Atlanta, GA 30305. Based on publicly available business records, Candace Barclay is the sole member and manager of GE LLC. Thus, at all relevant times, Candace Barclay directed and was personally involved in Defendants' acts complained of herein.

6. Upon information and belief, Defendants own and operate the website located at the URL www.compleatspiceblends.com (the "Website"). The Website is interactive and allows consumers to place orders for Defendants' products.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121, because this action arises under the Lanham Act.

8. The Court has supplemental jurisdiction over the state law claims in this matter pursuant to 28 U.S.C. § 1367(a), because such causes of action are so related to the claims in the

action over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1331 that they form part of the same case or controversy under Article III of the United States Constitution.

9. This Court has specific personal jurisdiction over each of the Defendants. Each of Defendants' contacts with Utah are related to Kitchen Kneads' causes of action against them and give rise to those causes of action. As specifically described below, Defendants advertise, market and sell GRANDMA ELOISE'S branded culinary and food flavoring products to individuals across the United States, and, upon information and belief, in Utah. The Website states or has stated that Defendants "offer shipping within the United States," without limitation. Defendants' Instagram and other social media posts also do not limit their sales territories and only ask that consumers comment "BOMB" to receive a link to purchase the infringing product. As seen in the screenshot below (taken from the Website), Defendants offer delivery of their infringing products into Utah by allowing purchasers to select Utah from a drop-down list of states.




Defendants thus offer to ship the infringing products into Utah and also offer to sell their products to consumers nationwide, including in Utah. Upon information and belief, Defendants have sold their products to consumers in Utah.

10. This Court further has specific personal jurisdiction over Defendants because they engaged in trademark infringement knowing that the harm would be felt by Kitchen Kneads in Utah.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, including Defendants' unauthorized marketing and sales to Utah residents. Venue is also proper under 28 U.S.C. § 1391(b)(3) because Defendants are subject to personal jurisdiction in this District.

## GENERAL ALLEGATIONS

### KITCHEN KNEADS' TRADEMARKS

12. For over fifty years, and three generations, Kitchen Kneads has been empowering individuals and families to embrace home cooking, bake from scratch and achieve food independence. Kitchen Kneads provides high quality ingredients, premium kitchen tools, and expert guidance to home cooks nationwide.

13. Since at least as early as August 2012, well before any use by Defendants, Kitchen Kneads has used GRANDMA ELOISE'S TIME TREASURED SECRETS in connection with the sale of culinary ingredients.

14. Kitchen Kneads intends to expand the products it offers under the mark GRANDMA ELOISE'S TIME TREASURED SECRETS.

15. For more than a decade, Kitchen Kneads has marketed and distributed its goods nationally, including in the State of Utah, under the mark GRANDMA ELOISE'S TIME TREASURED SECRETS, thereby acquiring substantial federal and common law trademark rights, as well as goodwill in the mark GRANDMA ELOISE'S TIME TREASURED SECRETS.

16. Kitchen Kneads' federal trademark rights include ownership of United States Trademark Registration No. 7,433,275 ("the '275 Registration") for the design mark GRANDMA ELOISE'S TIME TREASURED SECRETS registered for use in connection with "food flavoring," among other goods. Attached as Exhibit A is a copy of the '275 Registration certificate and a printout of its current status on the Trademark Status & Document Retrieval system ("TSDR") of the United States Patent and Trademark Office. The design mark is reproduced below:

17. Kitchen Kneads is also the owner of United States Trademark Registration No. 7,707,800 ("the '800 Registration") for the mark GRANDMA ELOISE'S TIME TREASURED SECRETS registered for use in connection with "food ingredients for baking," among other goods. Attached as Exhibit B is a copy of the '800 Registration certificate and a printout of its current status on TSDR. The design mark is reproduced below:

Together, the ’275 Registration, the ’800 Registration and Kitchen Kneads’ past and common-law uses of GRANDMA ELOISE’S TIME TREASURED SECRETS shall be referred to hereafter as the “GRANDMA ELOISE’S Mark.”

18. As a result of Kitchen Kneads’ long and extensive use of the GRANDMA ELOISE’S Mark, it has become well known as an indicator of high-quality cooking and baking goods.

19. The GRANDMA ELOISE’S Mark has acquired significant goodwill and is an asset of enormous value.

20. Through Kitchen Kneads’ promotion and advertising under the GRANDMA ELOISE’S Mark, the public has come to recognize the GRANDMA ELOISE’S Mark as originating from Kitchen Kneads.

21. The GRANDMA ELOISE’S Mark is distinctive when used in connection with Kitchen Kneads’ cooking, baking and culinary goods.

22. Kitchen Kneads provides and sells its cooking and baking goods under the GRANDMA ELOISE’S Mark through various trade channels, including online at www.kitchenkneads.com and on Amazon, and through its brick and mortar store in Ogden, Utah.

23. Kitchen Kneads often shortens the full GRANDMA ELOISE’S Mark to just “Grandma Eloise’s.”

## MISCONDUCT BY DEFENDANTS

24. In or around August 2025, Kitchen Kneads discovered that Defendants were using GRANDMA ELOISE’S COMPLEAT SPICE BLENDS—a mark confusingly similar to the GRANDMA ELOISE’S Mark—to advertise Defendants’ own culinary products. Defendants do not and never have had permission from Kitchen Kneads to use the GRANDMA ELOISE’S Mark or any similar term.

25. Kitchen Kneads promptly documented these infringing uses. Attached as Exhibit C is a non-exhaustive compilation of screenshots showing Defendants' unauthorized and confusingly similar uses of the GRANDMA ELOISE'S Mark.

26. Specifically, on the Website, www.compleatspiceblends.com, Defendants use the phrase GRANDMA ELOISE'S COMPLEAT SPICE BLENDS to advertise and sell food flavoring products, including a "seasoning bomb" for use with foods such as soups, stews, gravies and sauces, and standalone seasonings.

27. Upon information and belief, Defendants use and maintain the Instagram accounts @grandma.eloises and @callmecandace.tv to promote their own GRANDMA ELOISE'S branded food flavoring products. Defendants also use the hashtag #grandmaeloises on social media to market their food flavoring products. Defendants also use similar terms and tactics on other social media platforms such as Facebook and TikTok.

28. Below is one of the logos Defendants use to promote their food flavoring products on the product packaging and the Website.

29. Defendants also use the logo on the following page to promote their food flavoring products on the Website and on social media.

Grandma Eloise's
COMPLEAT SPICE BLENDS

30. Defendants' logo prominently features "Grandma Eloise's." Beneath "Grandma Eloise's" in smaller text is the phrase "Compleat Spice Blends." The full text on Defendants' logo is GRANDMA ELOISE'S COMPLEAT SPICE BLENDS.

31. Defendants also refer to their full mark as just "Grandma Eloise's."

32. On the Website, under the "Seasoning Bombs" collection, Defendants have told consumers to "Elevate your cooking with Grandma Eloise's signature seasoning bombs!"

33. On the page of the Website selling "Kickin' Chicken Seasoning Bombs," Defendants thank consumers "for supporting Grandma Eloise's."

34. On the Website, under the "Best-sellers" collection, Defendants have invited consumers to "Discover the flavors that have made Grandma Eloise's a kitchen favorite!"

35. Defendants' social media accounts and posts also omit any reference to "Compleat Spice Blends" and refer to the mark as just "Grandma Eloise's." For example, Defendants use the Instagram handle @grandma.eloises. In an Instagram post dated November 30, 2025, Defendants refer to the "brand" as just "@grandma.eloises." Another post, dated November 27, 2025, compares "Store Brand" products to "Grandma Eloise's Kickin' Chicken."

36. Defendants' infringing acts, as alleged herein, have caused and are likely to cause confusion, mistake and deception among the relevant consuming public as to the source or origin of Defendants' food flavoring goods and have deceived and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' goods originate from, are associated or affiliated with, or otherwise authorized by Kitchen Kneads.

37. On September 19, 2025, GE LLC was administratively dissolved.

38. On September 24, 2025, counsel for Kitchen Kneads sent a cease and desist letter to Defendants and demanded that they cease all use of their confusingly similar GRANDMA ELOISE'S Mark.

39. Rather than stop using their confusingly similar GRANDMA ELOISE'S Mark after receiving notice of Kitchen Kneads' rights, Defendants chose to continue publicly promoting sales under the infringing mark. These actions demonstrate deliberate and knowing infringement.

40. On October 24, 2025, after receiving Kitchen Kneads' letter and becoming aware of Kitchen Kneads' trademark rights, Defendants reinstated GE LLC.

41. On November 30, 2025, after receiving Kitchen Kneads' cease and desist letter, Candace Barclay, sole member of GE LLC, uploaded a video to Instagram bragging about Defendants' sales using their confusingly similar GRANDMA ELOISE'S Mark.

42. In the November 30, 2025 Instagram video, Candace Barclay asserts that in 2025 alone, Defendants sold over $25,000 worth of food flavoring products using the confusingly similar GRANDMA ELOISE'S Mark.

43. Kitchen Kneads thereafter attempted to settle this dispute with Defendants, but was unsuccessful.

44. Defendants continue to use their confusingly similar GRANDMA ELOISE'S Mark to promote their own food flavoring products despite their awareness of Kitchen Kneads' senior trademark rights.

45. Defendants' uses of GRANDMA ELOISE'S COMPLEAT SPICE BLENDS and "Grandma Eloise's" are confusingly similar to Kitchen Kneads' GRANDMA ELOISE'S Mark.

This confusion is compounded by the fact that Defendants do not generally use the full mark ("GRANDMA ELOISE'S COMPLEAT SPICE BLENDS") but instead refer to their mark as simply "Grandma Eloise's."

46. Defendants' use of GRANDMA ELOISE'S COMPLEAT SPICE BLENDS and "Grandma Eloise's" misleads consumers into believing Defendants are associated with Kitchen Kneads.

47. As an example, despite the fact that only Kitchen Kneads sells GRANDMA ELOISE'S branded products on Amazon, autocomplete search results for "Grandma Eloise's" on Amazon include "grandma eloises seasoning bomb" and "grandma eloises kicking chicken seasoning bomb"—clear references to Defendants' products. Upon information and belief, the autocomplete results on Amazon are associated with popular searches. Consumers are searching for Defendants' products on Amazon because they know that is where Kitchen Kneads' GRANDMA ELOISE'S branded products are sold.

48. Furthermore, Defendants' use of their confusingly similar GRANDMA ELOISE'S Mark is causing actual confusion in the marketplace. Kitchen Kneads has received multiple phone calls from consumers asking for "Grandma Eloise's" seasoning bombs.

49. Defendants' use of their confusingly similar GRANDMA ELOISE'S Mark is willful. Not only would a simple trademark search have revealed Kitchen Kneads' prior ownership of the GRANDMA ELOISE'S Mark, but Defendants took direct steps to continue infringing after receiving Kitchen Kneads' letter, including by reinstating GE LLC after it was administratively dissolved.

50. Defendants' acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Kitchen Kneads and to its valuable reputation and goodwill

with the consuming public for which Kitchen Kneads has no adequate remedy at law.

**FIRST CAUSE OF ACTION**

**INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS – 15 U.S.C. § 1114**

51. Kitchen Kneads realleges and incorporates by reference all of the foregoing paragraphs.

52. Kitchen Kneads owns the ’275 Registration and the ’800 Registration—both valid United States trademark registrations for the GRANDMA ELOISE’S Mark—and holds the exclusive rights to market and sell products and services bearing the GRANDMA ELOISE’S Mark.

53. Defendants use a confusingly similar GRANDMA ELOISE’S Mark in their marketing and advertising materials, on the Website, and on social media, including the Instagram accounts @grandma.eloises and @callmecandace.tv.

54. Defendants are not authorized by Kitchen Kneads to use the GRANDMA ELOISE’S Mark in connection with their goods.

55. Defendants’ actions are likely to cause confusion, to cause mistake, or to deceive consumers and constitute trademark infringement pursuant to 15 U.S.C. § 1114.

56. The dominant and most distinctive portion of Defendants’ logo and the GRANDMA ELOISE’S Mark is “Grandma Eloise’s.” Upon information and belief, consumers view “Grandma Eloise’s” as the most distinctive and relevant portion of the mark for identifying the source of goods. Defendants also generally refer to their mark as “Grandma Eloise’s” without any reference to “Compleat Spice Blends.”

57. Kitchen Kneads and Defendants both sell their GRANDMA ELOISE’S branded goods through the same channel: online storefronts. Additionally, all parties use “Grandma

Eloise's" to sell food flavoring and other culinary products. The relevant purchasing consumer for all parties is an individual cooking at home.

58. The overlap between the marks, trade channels, consumers and types of goods demonstrates a serious likelihood of confusion.

59. Defendants' actions were and are deliberate, willful, and constitute a knowing infringement of the GRANDMA ELOISE'S Mark.

60. Defendants' infringement of the GRANDMA ELOISE'S Mark has caused and will continue to cause damage and irreparable injury to the value and goodwill of the GRANDMA ELOISE'S Mark, as well as damage and irreparable injury to Kitchen Kneads' goodwill, business, and reputation.

61. Kitchen Kneads is being irreparably damaged by Defendants' willful, unauthorized use of the GRANDMA ELOISE'S Mark in the manner set forth above and will continue to be damaged unless Defendants are enjoined from using Kitchen Kneads' registered GRANDMA ELOISE'S Mark or any colorable imitation thereof, including "Grandma Eloise's."

62. Kitchen Kneads is entitled to injunctive relief under 15 U.S.C. § 1116(a) as there is no adequate remedy at law to fully redress Defendants' illegal conduct.

63. In addition to injunctive relief, Kitchen Kneads is entitled to all actual damages and lost profits that it has sustained in an amount to be determined at trial, including but not limited to three times Defendants' profits and gains as a result of their unlawful conduct described above, attorneys' fees, and the costs of this action pursuant to 15 U.S.C § 1117.

## SECOND CAUSE OF ACTION

### FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION – 15 U.S.C. § 1125(a)(1)(A)

64. Kitchen Kneads realleges and incorporates by reference all of the foregoing

paragraphs.

65. Kitchen Kneads owns the ’275 Registration and the ’800 Registration—both valid United States trademark registrations for the GRANDMA ELOISE’S Mark—and holds the exclusive rights to market and sell its products and services bearing the GRANDMA ELOISE’S Mark.

66. Kitchen Kneads is also the owner of common law trademark rights in the word mark GRANDMA ELOISE’S TIME TREASURED SECRETS.

67. The GRANDMA ELOISE’S Mark has achieved secondary meaning, associating it in the minds of the purchasing public with Kitchen Kneads and its goods.

68. Defendants use a confusingly similar GRANDMA ELOISE’S Mark in their marketing and advertising materials, including their Website and social media platforms.

69. Defendants are not authorized by Kitchen Kneads to use the GRANDMA ELOISE’S Mark in connection with their goods.

70. Defendants’ conduct as alleged herein, including their use of the GRANDMA ELOISE’S Mark, constitutes a false designation of origin, sponsorship, affiliation, and/or association of Kitchen Kneads or the GRANDMA ELOISE’S Mark with Defendants and Defendants’ products and services.

71. Defendants’ conduct as alleged herein is willful and is intended to and likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Kitchen Kneads, or as to the origin, sponsorship or approval of Defendants’ goods, services, or commercial activities by Kitchen Kneads.

72. Defendants’ conduct constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

73. Kitchen Kneads is being irreparably damaged by Defendants' unfair competition in the manner set forth above and will continue to be damaged unless Defendants are enjoined from using Kitchen Kneads' GRANDMA ELOISE'S Mark or any colorable imitation thereof.

74. Kitchen Kneads is entitled to injunctive relief under 15 U.S.C. § 1116(a) as there is no adequate remedy at law to fully redress Defendants' illegal conduct.

75. In addition to injunctive relief, Kitchen Kneads is entitled to all actual damages and lost profits that it has sustained in an amount to be determined at trial, including but not limited to three times Defendants' profits and gains as a result of their unfair competition described above, attorneys' fees, and the costs of this action pursuant to 15 U.S.C § 1117.

## THIRD CAUSE OF ACTION

### UTAH COMMON LAW TRADEMARK INFRINGEMENT

76. Kitchen Kneads realleges and incorporates by reference all of the foregoing paragraphs.

77. Kitchen Kneads owns common-law trademark rights in the GRANDMA ELOISE'S Mark.

78. Kitchen Kneads owned such rights before Defendants began using the GRANDMA ELOISE'S Mark.

79. Defendants continued to use a confusingly similar GRANDMA ELOISE'S Mark to sell their products after Kitchen Kneads sent them a cease and desist letter.

80. Defendants' continued use of "Grandma Eloise's" is likely to confuse the purchasing public.

81. Upon information and belief, Defendants intended to deceive and mislead the public by using GRANDMA ELOISE'S in connection with food flavoring products.

82. Kitchen Kneads is being irreparably damaged by Defendants' trademark infringement in the manner set forth above and will continue to be damaged unless Defendants are enjoined from using Kitchen Kneads' registered GRANDMA ELOISE'S Mark or any colorable imitation thereof.

## FOURTH CAUSE OF ACTION

### UTAH UNFAIR COMPETITION ACT – UTAH CODE ANN. § 13-5A-103

83. Kitchen Kneads realleges and incorporates by reference all of the foregoing paragraphs.

84. Defendants' confusingly similar use of the GRANDMA ELOISE'S Mark constitutes unfair competition under UTAH CODE. ANN. § 13-5a-102(4).

85. Defendants engaged in unfair competition by:

a. Using the GRANDMA ELOISE'S Mark and confusingly similar terms to advertise their own competing products despite awareness of Kitchen Kneads' senior rights;

b. Causing actual confusion or misunderstanding as to the source of their goods; and

c. Causing a likelihood of confusion or misunderstanding as to affiliation, connection, or association between their goods and Kitchen Kneads.

86. Kitchen Kneads is being irreparably damaged by Defendants' unfair competition in the manner set forth above and will continue to be damaged unless Defendants are enjoined from using Kitchen Kneads' GRANDMA ELOISE'S Mark or any colorable imitation thereof.

87. Kitchen Kneads is entitled to its actual damages, attorneys' fees and costs, and punitive damages as provided by UTAH CODE ANN. § 13-5a-103(1)(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Kitchen Kneads respectfully requests that the Court enter a judgment in favor of Kitchen Kneads as follows:

A. That the Court enter judgment that Defendants' use of the GRANDMA ELOISE'S Mark is likely to cause confusion resulting in trademark infringement in violation of 15 U.S.C. § 1114;

B. That the Court enter judgment that Defendants' actions constitute false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A);

C. That the Court enter judgment that Defendants' actions constitute trademark infringement under Utah common law;

D. That the Court enter judgment that Defendants' actions constitute unfair competition under UTAH CODE ANN. § 13-5a-103;

E. That the Court preliminarily and permanently enjoin Defendants from using the term "Grandma Eloise's" or any term that infringes the GRANDMA ELOISE'S Mark, or unfairly competes with Kitchen Kneads;

F. That the Court order Defendants to remove all infringing uses of the GRANDMA ELOISE'S Mark from the Website, related advertising, meta data, sponsored search results, social media accounts and other online content;

G. That the Court order such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that the products sold and promoted by Defendants are authorized by Kitchen Kneads or related in any way to Kitchen Kneads' goods;

H. That the Court enter judgment ordering Defendants to provide Kitchen Kneads with a full and complete accounting of all products sold and profits gained in connection with their

infringing activities;

I. That the Court enter judgment that Kitchen Kneads recover from Defendants damages in an amount to be proven at trial, including general, special, actual, and/or statutory damages, as applicable. Pursuant to 15 U.S.C. § 1117, the amounts should include Kitchen Kneads' damages and Defendants' profits, if any, trebled pursuant to 15 U.S.C. § 1117(a), for Defendants' willful infringement of the GRANDMA ELOISE'S Mark;

J. That the Court require Defendants to pay pre-judgment and post-judgment interest until such awards are paid;

K. That the Court require Defendants to pay Kitchen Kneads' costs and attorneys' fees incurred in this action; and

L. That the Court order such other and further relief for Kitchen Kneads as shall seem just and proper to the Court.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Kitchen Kneads hereby demands a jury trial on all claims and issues so triable.

DATED this 22nd day of September, 2026.

Respectfully Submitted,

*<u>/s/ Peter M. de Jonge</u>*

**THORPE NORTH & WESTERN, LLP**
Peter M. de Jonge, Utah Bar No. 7185
Joshua T. Gray, Utah Bar No. 20218
175 S. Main Street, Suite 900
Salt Lake City, Utah 84111

*Attorneys for Plaintiff*,
Kitchen Kneads, LLC